COOLEY LLP
JOHN W. CRITTENDEN (101634) (jcrittenden@cooley.com)
COLETTE GHAZARIAN (322235) (cghazarian@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Plaintiff
Foundation Capital, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUNDATION CAPITAL, LLC a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>FOUNDATION CAPITAL, LLC, a Florida Limited Liability Company<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114;**<br><br>**(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125; and**<br><br>**(3) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200, *ET SEQ*.**<br><br>**(4) COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Foundation Capital, LLC ("Plaintiff") complains and alleges against Foundation Capital, LLC ("Defendant") as follows:

**THE PARTIES**

1. This is an action for infringement of Plaintiff's federally-registered service marks FOUNDATION CAPITAL (U.S. Registration No. 4,076,113) and FOUNDATION CAPITAL & F Design (U.S. Registration Nos. 5,587,950 and 5,587,951) (collectively, "Plaintiff's Marks") under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition under Cal. Bus. & Prof. Code § 17200, *et seq*. under the statutory laws of the State of California, all arising from Defendant's unauthorized use of the name and mark FOUNDATION CAPITAL and a design mark (logo) highly similar to Plaintiff's, in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendant's business consultation and venture capital services.

2. Plaintiff Foundation Capital, LLC is a limited liability company organized under the laws of the State of California with its principal place of business at 550 High St., 3rd Floor, Palo Alto, California 94301.

3. Defendant Foundation Capital, LLC is a limited liability company organized under the laws of the State of Florida with its principal place of business at 11451 NW 36th Ave., Miami, Florida 33167.

**JURISDICTION AND VENUE**

4. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051, *et seq*.

5. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367.

6. This Court has personal jurisdiction over Defendant for at least the following reasons. On information and belief, based on information on Defendant's website at www.foundationcapitalcorp.com, Defendant conducts business within the State of California and this judicial district under the infringing name FOUNDATION CAPITAL and logo highly similar

to Plaintiff's.  According to Defendant's website, Defendant's portfolio includes companies headquartered in San Francisco, California (Airbnb, Limelight CRM, and Gratify, which is affiliated with Limelight CRM) and Newport Beach, California (Conversion Point Technologies). A true and correct copy of a printout of Defendant's website at the URL address foundationcapitalcorp.com as it appeared on August 22, 2019 is attached hereto as Exhibit A and incorporated by reference as though fully set forth herein.

7.  In fact, Defendant's website displays a quote by Robert Tallack, Chief Executive Officer of Newport Beach-based Conversion Point Technologies ("CPT"), praising the services Defendant provided for CPT, including "strategic business development and negotiation assistance and exposure to a large network of connections." *See* Exhibit A.  By providing such services to CPT, a company based in the State of California, Defendant conducted business activities expressly and purposefully directed to persons within the State of California and has purposefully availed itself of the privilege of acting in the State of California.  Likewise, by rendering services to Airbnb, Limelight CRM, and Gratify, companies headquartered in San Francisco, Defendant conducted business activities expressly and purposely directed to persons within the State of California and within this judicial district.

8.  Second, Defendant has caused services to be advertised, promoted, and rendered under the FOUNDATION CAPITAL mark and a logo highly similar to Plaintiff's in a manner that has already caused confusion and is likely to cause confusion in the State of California and this judicial district.  For example, the financial database PitchBook erroneously listed Defendant's Founder, Michael Shvartsman on the PitchBook® page for Plaintiff as Plaintiff's "Founding Partner." A true and correct copy of a screenshot of Plaintiff's PitchBook profile, as it previously appeared before Plaintiff notified PitchBook of the error, so listing Mr. Shvartsman, is attached as Exhibit B and incorporated by reference as though fully set forth herein.

9.  Third, the causes of action asserted in this Complaint arise directly out of Defendants' contacts within the State of California and this judicial district.

10.  Finally, Defendant's acts and the conduct alleged below have caused tortious injury to Plaintiff in the State of California and this judicial district.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because (i) Defendant conducts business within the State of California and this judicial district; (ii) Defendant has caused services to be advertised, promoted, and sold under the FOUNDATION CAPITAL mark and a logo highly similar to Plaintiff's in the State of California and this judicial district; (iii) the causes of action asserted in this Complaint arise out of Defendant's contacts within the State of California and this judicial district; and (iv) Defendant has caused tortious injury to Plaintiff in the State of California and this judicial district.

## INTRADISTRICT ASSIGNMENT

12. This is an Intellectual Property Action to be assigned on a district wide basis pursuant to Civil L.R. 3-2(c).

## FACTUAL BACKGROUND

### PLAINTIFF'S BUSINESS AND THE FOUNDATION CAPITAL® AND F FOUNDATION CAPITAL® MARKS

13. Plaintiff is an early-stage venture capital firm with an emphasis on the enterprise, fintech (financial technology), and consumer products industries. Plaintiff's portfolio includes companies based across the United States and abroad. Founded in 1995 under the name FOUNDATION CAPITAL, Plaintiff has helped build successful companies by guiding them from their startup stages through investments, initial public offerings, and acquisitions for nearly a quarter of a century. Plaintiff believes it differentiates itself from other venture capital firms by taking a hands-on approach with its portfolio companies, offering operational and management assistance and counsel in addition to investment capital. Plaintiff has created a highly favorable reputation and substantial goodwill in the FOUNDATION CAPITAL and FOUNDATION CAPITAL & F Design trademarks.

14. On December 27, 2011 the United States Patent and Trademark Office ("USPTO") issued United States Service Mark Registration No. 4,076,113 for the word mark FOUNDATION CAPITAL, for "venture capital services, namely, providing financing to companies and entrepreneurs; providing financial advisory services to startup companies and entrepreneurs; venture capital financing services; investment services, namely, venture capital funding services

to emerging, developing, and late-stage companies and entrepreneurs; creation, operation and management of venture capital investment funds that invest in companies and entrepreneurs; financial research and analysis, namely, due diligence and investment selection services in the field of venture capital, private equity and small-cap public companies" in International Class 36 and "business consultation services; strategic advisory services relating to business management and business operations" in International Class 35.  The registration is incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

15. The filing date of the application that matured into Plaintiff's Registration No. 4,076,113 is November 10, 2010, giving Plaintiff constructive nationwide use of the FOUNDATION CAPITAL mark and priority over others as of that date.

16. On October 16, 2018, the USPTO issued United States Service Mark Registration Nos. 5,587,950 and 5,587,951 for the service mark FOUNDATION CAPITAL & F Design (as shown in the image below), for "venture capital services, namely, providing financing to companies and entrepreneurs; providing financial advisory services to startup companies and entrepreneurs; venture capital financing services; investment services, namely, venture capital funding services to emerging, developing, and late-stage companies and entrepreneurs; creation, operation and management of venture capital investment funds that invest in companies and entrepreneurs; financial research and analysis, namely, due diligence and investment selection services in the field of venture capital, private equity and small-cap public companies" in International Class 36 and "business consultation services; strategic advisory services relating to business management and business operations" in International Class 35, respectively.



17. The filing date of the applications that matured into Plaintiff's Registration Nos. 5,587,950 and 5,587,951 is November 20, 2017, giving Plaintiff constructive nationwide use of

the FOUNDATION CAPITAL and F Design mark and priority over others as of that date.

18. U.S. Service Mark Registration Nos. 4,076,113, 5,587,950, and 5,587,951 are referred to collectively herein as the "Foundation Capital Registrations." True and correct copies of the registration certificates for these registrations and printouts from the records of the U.S. Patent and Trademark Office ("USPTO") showing the status and title of each registration as of the filing date of this Complaint are attached as Exhibit C, and incorporated by reference as though fully set forth herein.

19. The Foundation Capital Registrations are in full force and effect on the USPTO's Principal Register.

20. Plaintiff has devoted substantial time, effort, and resources to the development and promotion of Plaintiff's Marks and the services offered thereunder. As a result of Plaintiff's efforts and the quality of the services offered under the Plaintiff's Marks, customers for venture capital and related services have come to recognize and rely upon Plaintiff's Marks as an indication of quality, and Plaintiff's Marks enjoy substantial goodwill in the relevant marketplace and are a valuable asset of Plaintiff.

**DEFENDANT'S USE OF THE FOUNDATION CAPITAL MARK AND INFRINGING LOGO**

21. Notwithstanding Plaintiff's diligent efforts to monitor and prevent unauthorized uses of Plaintiff's Marks, Defendant has engaged in willful infringement of Plaintiff's Marks in connection with its own early stage venture capital firm.

22. Plaintiff is informed and believes, that Defendant began to use the infringing name FOUNDATION CAPITAL after Plaintiff began using its FOUNDATION CAPITAL Mark and the priority date of Plaintiff's federal registration therefor. According to Florida state records, Defendant was originally organized under the name "Internet Media LLC" and on or about February 5, 2019, formally changed its company name to "Foundation Capital, LLC," and continues to hold itself out as and render services under the name FOUNDATION CAPITAL.

23. On information and belief, after November 20, 2017 priority date of Plaintiff's registered mark FOUNDATION CAPITAL & F Design, Defendant began using, and continues to

use, in close proximity to the identical FOUNDATION CAPITAL word mark, a design element that is highly similar to the design element in Plaintiff's FOUNDATION CAPITAL & F Design Mark. Defendant's combined word and design mark (hereinafter "Defendant's Logo"), which it uses in connection with its venture capital services, and which is highly similar to Plaintiff's FOUNDATION CAPITAL & F Design Mark, is set forth immediately below:



24. On or around May 17, 2019, Plaintiff discovered that Defendant's Founder, Michael Shvartsman, erroneously appeared on the PitchBook® Venture Capital Database profile for Plaintiff, incorrectly describing him as a "Founding Partner" of Plaintiff.

25. Thereafter, on May 29, 2019, Plaintiff sent a letter to Defendant, noting the Foundation Capital Registrations and pointing out that Defendant's use of marks confusingly similar to Plaintiff's Marks violates Plaintiff's trademark rights. The May 29, 2019 letter gave Defendant actual notice of Plaintiff's federally registered service marks and demanded that Defendant immediately begin transitioning to a new name and logo that are not confusingly similar to Plaintiff's Marks.

26. Defendant has refused to comply with Plaintiff's demands that it cease and desist from infringing Plaintiff's Marks, and has since continued engaging in its infringing activity.

27. Defendant's FOUNDATION CAPITAL venture capital firm provides services that are the same as or closely related to those of Plaintiff's identically-named venture capital firm.

28. According to Defendant's website as attached hereto as Exhibit A, like Plaintiff, Defendant is primarily focused on investing in early stage startup companies and lists fintech as one of the industries in which it specializes. Defendant's portfolio includes companies based across the United States, including companies headquartered in San Francisco, California (Airbnb and Limelight CRM), where Plaintiff frequently does business.

29. In addition to venture capital and related services, Defendant also provides or offers to provide business consultation and advisory services, as it states in the section entitled "How we can help" on Defendant's website, attached hereto as Exhibit A. These services are essentially the same as or closely related to Plaintiff's "business consultation services" and "strategic advisory services relating to business management and business operations," as identified in the Foundation Capital Registrations.

30. Plaintiff began using the FOUNDATION CAPITAL Mark in the United States prior to Defendant's first use of the FOUNDATION CAPITAL mark or Defendant's Logo in the United States. The priority dates for the Foundation Capital Registrations are also prior to Defendant's first use of the FOUNDATION CAPITAL mark and Defendant's Logo.

31. Plaintiff's Marks acquired wide recognition in the venture capital market prior to Defendants' use of the FOUNDATION CAPITAL mark and Defendant's Logo.

32. The FOUNDATION CAPITAL mark, as used by Defendant, and Defendant's Logo are highly similar in appearance, sound, and meaning to Plaintiff's Marks.

33. Defendant's use of the term FOUNDATION CAPITAL and Defendant's Logo described herein is likely to cause confusion with Plaintiff in the marketplace and infringes Plaintiff's valuable rights in Plaintiff's Mark.

34. Plaintiff is not affiliated with Defendant. Plaintiff has not consented to, sponsored, endorsed, or approved of Defendant's use of the term FOUNDATION CAPITAL or Defendant's Logo in connection with the production, marketing, or sale of any products or services.

35. Plaintiff is informed and believes, and on that basis alleges, that Defendant's actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiff and Plaintiff's Marks.

///
///
///
///
///

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

36. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Plaintiff's Marks are inherently distinctive, strong, valid, and protectable registered service marks owned by Plaintiff.

38. Plaintiff is informed and believes, and on that basis alleges, that Defendant has marketed and rendered in commerce venture capital and business advisory services under the FOUNDATION CAPITAL mark and Defendant's Logo, which are highly similar to Plaintiff's Marks.

39. Defendant's use of the FOUNDATION CAPITAL mark and Defendant's Logo in connection with its venture capital and business consulting services is likely to cause confusion, mistake, or deception as to the source or sponsorship of the services and/or is likely to lead the consuming public to believe that Plaintiff has authorized, approved, or somehow sponsored Defendant's services.

40. The actions of Defendant described above and specifically, without limitation, Defendant's use of the term FOUNDATION CAPITAL and Defendant's Logo in connection with their services constitute trademark infringement in violation of 15 U.S.C. § 1114.

41. Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of damage to Plaintiff's business and reputation and the diminution of the goodwill of Plaintiff's Marks are difficult to ascertain with specificity. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

42. Plaintiff is entitled to recover damages in an amount to be determined at trial and the profits made by Defendant in the rendering of services through Defendant's use of the term FOUNDATION CAPITAL or Defendant's Logo in the United States. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, and deception, making this an

exceptional case entitling Plaintiff to recover treble damages, reasonable attorneys' fees, and costs pursuant to 15 U.S.C. § 1117, as well as prejudgment interest.

**SECOND CAUSE OF ACTION**

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125**

43. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. Defendant has used in commerce and without Plaintiff's authorization or consent the term FOUNDATION CAPITAL and Defendant's Logo, which are highly similar to Plaintiff's FOUNDATION CAPITAL and FOUNDATION CAPITAL and F Design Marks.

45. Defendant's actions as described herein are likely to cause confusion and deception among the consuming public and are likely to lead the consuming public to believe that Plaintiff has authorized, approved, or somehow sponsored Defendant's services rendered under the FOUNDATION CAPITAL mark and Defendant's Logo.

46. Defendants' use of the term FOUNDATION CAPITAL and Defendant's Logo described herein creates a false suggestion of an affiliation or connection between Defendant and Plaintiff.

47. Defendant's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

48. Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of damage to Plaintiff's business and reputation and the diminution of the goodwill of Plaintiff's Marks are difficult to ascertain with specificity. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

49. Plaintiff is entitled to recover damages in an amount to be determined at trial and profits made by Defendant in the rendering of services through use of the FOUNDATION CAPITAL mark or Defendant's Logo.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200, *ET SEQ*.

50. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51. By the acts described herein, Defendant has engaged in unlawful and unfair business practices that have injured and will continue to injure Plaintiff's business and property in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

52. Defendant's acts alleged herein have caused monetary damages to Plaintiff in an amount to be proven at trial.

53. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff and its business, reputation, and trademarks, unless and until Defendant is permanently enjoined.

54. Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of damage to Plaintiff's business and reputation and the diminution of the goodwill of Plaintiff's Marks are difficult to ascertain with specificity. Plaintiff is therefore entitled to injunctive relief.

55. Plaintiff is entitled to recover damages in an amount to be determined at trial and profits made by Defendant in the rendering of services through use of the FOUNDATION CAPITAL mark or Defendant's Logo.

## FOURTH CAUSE OF ACTION

## TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

56. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 54 of this Complaint as if fully set forth herein.

57. As a result of its use of the mark FOUNDATION CAPITAL in rendering its services in California, Plaintiff owns California common law rights in the FOUNDATION CAPITAL mark that date back to 1995.

58. The acts and conduct of Defendant as alleged in this Complaint, and in particular in using the infringing mark FOUNDATION CAPITAL in connection with investing in, or rendering venture capital or business advisory services to, businesses located in California, constitute trademark infringement under the common law of California.

59. Defendant's acts alleged herein have caused monetary damages to Plaintiff in an amount to be proven at trial.

60. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff and its business, reputation, and trademarks, unless and until Defendant is permanently enjoined.

61. Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of damage to Plaintiff's business and reputation and the diminution of the goodwill of Plaintiff's Marks are difficult to ascertain with specificity. Plaintiff is therefore entitled to injunctive relief.

62. Plaintiff is entitled to recover damages in an amount to be determined at trial and profits made by Defendant in the rendering of services through use of the FOUNDATION CAPITAL mark or Defendant's Logo.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. That Plaintiff be granted permanent injunctive relief under 15 U.S.C. § 1051, *et seq*., California Business and Professions Code §17200, *et seq.,* and the common law of California; specifically, that Defendant and all of its respective officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and all other persons acting in concert with it be permanently enjoined from (i) using the FOUNDATION CAPITAL mark, Defendant's Logo, and Foundation Capital trade name, or any other mark or name confusingly similar to Plaintiff's FOUNDATION CAPITAL and FOUNDATION CAPITAL & F Design Marks, in connection with the marketing, promotion, advertising, sale, or distribution of any products and services and (ii) from any acts of

infringement of Plaintiff's FOUNDATION CAPITAL and FOUNDATION CAPITAL & F Design Marks.

  B. That Defendant is ordered to file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

  C. That Defendant is adjudged to have violated 15 U.S.C. § 1114 by infringing Plaintiff's FOUNDATION CAPITAL and F FOUNDATION CAPITAL Mark;

  D. That Defendant is adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against Plaintiff by using a false designation of origin for Defendant's infringing services;

  E. That Defendant is adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq.*;

  F. That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by said accounting;

  G. That Plaintiff be awarded three times Defendants' profits and three times of all Plaintiff's damages, suffered as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act, as well as Plaintiff's costs, attorneys' fees, and expenses in this suit under 15 U.S.C. § 1117;

  H. That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendants' unfair competition under Cal. Bus. & Prof. Code § 17200, *et seq*;

  I. That Plaintiff be granted prejudgment and post judgment interest;

  J. That Plaintiff be granted costs associated with the prosecution of this action; and

  K. That Plaintiff be granted such further relief as the Court may deem just and equitable.

*  *  *  *

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

Dated: August 30, 2019

COOLEY LLP
JOHN W. CRITTENDEN (101634)
COLETTE GHAZARIAN (322235)

/s/ John W. Crittenden
John W. Crittenden (101634)
Attorneys for Plaintiff
Foundation Capital, LLC.